1 | HUSKINSON, BROWN, HEIDENREICH & CARLIN LLP
BRIAN CARLIN (206969)
2 | 865 Manhattan Beach Boulevard, Suite 200
Manhattan Beach, C 90266
3 | Tel: 310-545.5459
Fax 310-545.1019
4 |
Attorneys for Plaintiffs Jeff Bartik and James
5 | Matkovich

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFF BARTIK, JAMES MATKOVICH, on behalf of themselves and all others similarly situated,

Plaintiffs,
vs.

RAYTHEON COMPANY, a Delaware Corporation, Defendant, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER, DOES 1 through 10

Defendants.

CASE NO. CV11-00009 CAS(FMOx)

COMPLAINT FOR DAMAGES

1) Violation of Retirement Plan and ERISA
2) Cal. Business and Professions Code Section 17200 Unfair Business Practice
3) Breach of Fiduciary Duty
4) Breach of Contract
   Negligent Misrepresentation

Demand for Jury Trial

Plaintiffs (hereinafter, "Plaintiffs"), by and through counsel, submit their Complaint in order to recover medical and other benefits due under Defendant Raytheon Company's (hereinafter, "Defendant") retiree Health Benefits Plan (the "Plan") and for declaratory, injunctive and equitable relief and statutory penalties to remedy Defendant's wrongful termination of benefits under the Plan and Defendant's failure to comply with the provisions of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), as well as for violations of state law.

CLASS ACTION COMPLAINT

*JURISDICTION AND VENUE*

1. This Court has jurisdiction over this action pursuant to §§ 502(e), (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Sections 1132(e)(f).

2. Jurisdiction is also based on § 502(a)(1)(A), (a)(1)(B), (a)(2) and (a)(3) of ERISA, 29 U.S.C. Sections 1132 (a)(1)(A), (a)(1)(B), (a)(2), (a)(3) and on 28 U.S.C. Section 1331, as this action arises under ERISA, 29 U.S.C. § 1001 *et seq.*, a federal statute.

3. Venue is proper under § 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2) because the breach took place in California and because Defendant conducts business and may be found in California.

**PARTIES**

4. At all times herein mentioned, Plaintiff, Jeff Bartik, is and was a resident of the County of Los Angeles, State of California.

5. At all times herein mentioned, Plaintiff, James Matkovich, is and was a resident of the County of Los Angeles, State of California.

6. Plaintiffs are "participants" in an employee welfare benefit plan within the meaning of §3(7) of ERISA, 29 U.S.C. Section 1002(7).

7. Defendant, Raytheon Company ("Raytheon" or "Defendant") is, upon information and belief, a corporation incorporated in the State of Delaware and licensed to do business and doing business in the State of California.

8. The true names or capacities of Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask

leave of court to amend this complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

9. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

10. At all times herein mentioned, Defendants, **RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, are and were business entities, form unknown, authorized to do business, and doing business in California, County of Los Angeles. Plaintiff is informed and believes, and thereon alleges, that Defendant, **RAYTHEON- HEWITT RETIREMENT CENTER**, is the successor-in-interest of Defendant, **SPECTRUM RETIREMENT PLAN CENTER.**

### STATEMENT OF FACTS

11. The persons identified herein as Plaintiffs, and each of them, are retirees from Raytheon Company, or its predecessor, Hughes Missile Systems Company ("Hughes"), or the spouse or dependent of a retiree.

12. By means of direct communications, presentation of various health plans, collective bargaining agreements, and other oral and written promises, Hughes promised that it would pay eligible employees, including but not limited to union and non-union, exempt and non-exempt employees in California, certain retirement benefits, including but not limited to paying health insurance premiums for these retirees, their spouses and dependents through age 65.

13. In other words, while employed by Raytheon Company, or its predecessor Hughes,

Plaintiffs, Jeff Bartik and James Matkovich, and all others similarly situated, were participants in Hughes / Raytheon Non-bargaining and Bargaining Retirement Plans, administered by Defendants, **RAYTHEON COMPANY, RAYTHEON- HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50. These plans were to pay benefits to Plaintiff upon his retirement from Defendant **RAYTHEON COMPANY**.

14. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. Section 1002(1), which was established and is maintained for the purpose of providing for its participants and their beneficiaries, *inter alia,* certain medical coverage benefits.

15. At all times herein relevant, the aforementioned retirement plans provided for benefits to Plaintiffs upon Plaintiffs' retirement from Defendant **RAYTHEON COMPANY**. Defendants, **RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, agreed to pay these benefits in accordance with the provisions of the plan.

16. For example, Hughes enumerated and provided for various group benefits available to active employees of Hughes and retirees. Specifically, Hughes provided for Company-paid retiree medical coverage, and further provided that such coverage extended beyond the term of the Agreement. Hughes provided that for employees who retired with at least three (3) years of continuous participation in the contributory option of the Retirement Plan immediately preceding the employee's date of retirement, and who are at least age 55 but less than age 65 and who have five (5) or more years of continuous employment with the Employer, Hughes would to continue to provide the Comprehensive Medical Plan coverages for which they were covered while active employees, *until the retired employee attains age 65, and shall likewise continue the same Comprehensive Medical Plan coverages for his or her eligible spouse until the spouse attains age 65.* Hughes agreed to continue coverage for the retired employee's dependent child until the child

4
CLASS ACTION COMPLAINT

reaches age twenty-one (21), or age twenty-five (25), if attending an accredited college, university, or career-oriented educational institution which requires regular full-time attendance in a predetermined training syllabus with a set pattern of progression towards completion of the program.

17. Hughes promised that Retiree Employees Medical Benefits would be administered by the Employer in accordance with the provisions of the Comprehensive Medical Plan Document prepared by the Employer.

18. It further promised that *there would be no weekly premium/charge for the Preferred Plan, the Hughes Medical Plan, or an HMO.*

19. Effective December 12, 1997, Hughes was merged into the Raytheon Missile Systems Company ("Raytheon"). In contemplation of the merger, Raytheon acknowledged that Raytheon would continue to provide company-paid retiree medical coverage in accordance with the terms stated hereinabove.

20. Raytheon then modified and replaced the Hughes Retiree Medical Plan with the Raytheon Health Benefits Plan, which Plan provided, in relevant part, as follows:

> (a) Participants' contributions, if any, shall be determined by the Company.... Further, Participants' contributions shall be subject to change by and in the sole discretion of the Company, and each Participant shall be advised in writing of any such change in the amount of such contributions prior to the effective date of such change....

21. Additionally, the Plan provided that the Raytheon reserved the absolute right to amend the Plan and any or all Benefit Programs incorporated therein, including, but not limited to, the right to reduce or eliminate benefits provided pursuant to the provisions of the Plan.

22. Despite the Plan provisions for the Company to make such unilateral modifications

5
CLASS ACTION COMPLAINT

in the Plan, Raytheon issued "The Raytheon Retirement Guide for Participants in the Raytheon Non-Bargaining and Bargaining Retirement Plans" (the "Guide"). Consistent with the terms of the Agreement, the Guide stated that the eligible participants and their spouses would receive Company-paid retiree medical coverage.

23. On January 26, 2004, Raytheon then changed the plan as follows:

> 4. For employees retiring under the provisions of the Contributory Option of the Retirement Plan referenced in this Section D, paragraph 1, who retire with annuity start dates on or after July 1, 2004, the retiree medical benefit will be administered as follows:
>
>> (a) Employees who meet these requirements are eligible for a Company contribution of up to $256 per month for an eligible spouse/same-sex domestic partner. This contribution can only be used to purchase coverage under a Raytheon-sponsored plan.

24. These changes were a breach of Hughes and Raytheon's promise to provide premium free health insurance coverage to plaintiffs, and those similarly situated.

25. Plaintiffs, **JEFF BARTIK and JAMES MATKOVICH**, and all others similarly situated, performed all of their responsibilities and obligations for receiving retirement benefits under the aforementioned retirement plans, at all relevant times.

26. While the subject retirement plans were in full force and effect, Plaintiffs, Jeff Bartik and James Markovitz, retired from employment with Defendant, **RAYTHEON COMPANY**, thereby becoming eligible to receive retirement benefits from the aforementioned retirement plans.

27. Plaintiffs made their proper and timely claim for the benefits to which they were entitled upon their retirement. Despite Defendant's promises, plaintiffs were made to pay a large portion of their health insurance premiums totaling tens of thousands of dollars and they are forced to continue to pay these premiums which defendants agreed to pay for them, their spouses, and

their dependents.

28. Beginning with their retirements, and continuing thereafter to the present, Defendants, and each of them, refused to pay these insurance premiums. These actions by Defendants, and each of them, have continued to the present time.

29. At all times herein material, Defendants, and each of them, knew, or in the exercise of good faith should have known, that Plaintiffs were legally entitled to recover retirement benefits in the form of health insurance premiums to be paid by Defendants, and each of them, and that Defendants, **RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, were obligated to pay these health insurance premiums.

30. Defendants, and each of them, further knew, or in the exercise of good faith reasonably should have known, that payment of benefits as promised were necessary to Plaintiffs after Plaintiffs relied to their detriment on Defendants' promises, but Defendants, and each of them, nevertheless maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully, refused and failed to make their promised payment to Plaintiff.

31. As a proximate result of Defendants' wrongful conduct, as aforementioned, Plaintiffs have been denied the receipt of his lawful retirement benefits, and has suffered economic loss.

## CAUSE OF ACTION NUMBER ONE

### (Violation of the Plan under ERISA)

32. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if set forth fully herein.

33. Section 502(a)(1) and Section 502(a)(3) of ERISA provide, in pertinent part, as follows:

A civil action may be brought –

(1) by a participant or a beneficiary

(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan;

(3) by a participant, beneficiary or fiduciary

(A) to enjoin any act or practice which violates any provision of this title of the terms of the plan or

(B) to obtain other appropriate equitable relief

(i) to redress such violations or

(ii) to enforce any provisions of this title or the terms of the plan.

34. By engaging in the conduct set forth above and by taking action to deprive Plaintiffs of benefits to which they were entitled under the terms of the Plan, including retiree medical coverage as provided in various agreements, Defendants wrongfully denied Plaintiffs of benefits due under the terms of the Plan.

35. As a result of the conduct of Defendant alleged herein, Plaintiffs have been injured, have suffered economic harm and have been deprived of the benefits to which they are rightfully entitled under the terms of the Plan. Plaintiffs are entitled to compensatory and punitive relief under ERISA §§ 502(a)(1)(B) and injunctive relief under 502(a)(3), 29 U.S.C. Sections 1132 (a)(1)(B) and (a)(3), respectively, restoring their benefits under the Plan and making them whole

for all benefits withheld together with pre-judgment interest.

36. Plaintiffs seek preliminary and permanent injunctive relief, wherein the Defendant is enjoined from requiring retirees and their spouses and eligible children to pay or make any contributions in any form for medical coverage provided under the applicable collective bargaining agreements, because the Plaintiffs: (1) will suffer immediate and irreparable injury, loss, and/or damage without injunctive relief; (2) have a substantial likelihood of prevailing on the merits of their claims; (3) the threatened and existing injury to the Plaintiffs in the absence of injunctive relief outweighs any potential harm to the Defendant if the injunction is granted; and (4) the injunction will not be adverse to any public interest and the public interest will be better served by granting the injunction than by denying it.

37. Plaintiffs seek declaratory relief whereby the Court declares the terms and provisions of the respective collective bargaining agreements providing medical coverage benefits for retirees, their spouses and eligible children to be binding upon the Defendant, and to further declare that the medical coverage benefits provided in the respective collective bargaining agreements are vested as to the Plaintiffs and that the Plaintiffs are entitled to lifetime medical coverage benefits as established in the respective agreements.

## CAUSE OF ACTION NUMBER TWO
### (Violation of California Business and Professions Code Section 1722, Et. Seq.)

38. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if set forth fully herein.

39. California Business and Professions Code Section 17200 provides:

"As used in this chapter, unfair competition shall mean and include any

unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

40. Defendants, and each of them, engaged in unlawful, unfair, and/or fraudulent business practices pursuant to Business and Professions Code Sections 17200 et seq.

41. Defendants, and each of them, engaged in unfair, deceptive, untrue, and/or misleading advertising when it promised its retirees certain benefits that it then unilaterally withdrew after they had vested.

42. As demonstrated by their acts herein, Defendants had and has no intention of honoring such promises. As such, Defendants have violated Business and Professions Code sections 17200, *et seq.*, and have engaged in unfair practices.

43. Further, the plaintiffs were and are parties aggrieved and who have suffered injury as a result of Defendant's unfair, deceptive, untrue, and/or misleading acts and promises. The plaintiffs have sustained the consequent damage as alleged herein.

### CAUSE OF ACTION NUMBER THREE

#### (Breach of Fiduciary Duty)

44. Plaintiff incorporates herein as though set forth in full all the allegations contained in Paragraphs 1 through 43 of his Complaint.

45. Plaintiffs are informed and believe, and thereon allege, that they complied with all of the conditions precedent to recovering retirement benefits for the aforementioned retirement

plans that may be applicable to their claim for payment of their full retirement benefits as had been represented to them by Defendants, **RAYTHEON COMPANY, RAYTHEON- HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50. Nevertheless, Defendants, and each of them, have denied and continue to deny Plaintiff his full retirement benefits as had been represented to him.

46. Defendants, and each of them, in bad faith, and after Plaintiffs relied to their detriment on the represented amount of his retirement benefits, have arbitrarily and capriciously reduced the amount of benefits paid to Plaintiff, knowing of Plaintiff's reliance upon the previous representations made by Defendants.

47. As a direct and proximate result of Defendants' wrongful conduct, as aforesaid, Plaintiff has sustained severe and serious injury to his person, including but not limited to emotional and mental distress, humiliation and indignity, all to Plaintiffs damage in a sum within the jurisdiction of this Court and to be shown according to proof.

48. As a further proximate result of Defendants' wrongful conduct, Plaintiffs have sustained economic damage, including but not limited to the loss of retirement benefits to which she is entitled, and loss of use of the promised retirement benefits, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

49. Defendants' persistent conduct, in refusing to pay Plaintiffs' claims, arbitrarily changing the amount of the due benefits after knowing Plaintiff had detrimentally relied on the previous representations, and insisting that Plaintiffs pay their insurance premiums that Defendants promised to pay, was malicious, fraudulent, and oppressive, entitling Plaintiff to

punitive damages in a sum according to proof.

## CAUSE OF ACTION NUMBER FOUR

### (Breach of Contract)

50. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if set forth fully herein.

51. Defendants, **RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, impliedly agreed to act in good faith and fair dealing with Plaintiffs, when they entered into the subject contract for retirement benefits with Plaintiffs.

52. Defendants, **RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, breached their obligation under the contract to Plaintiffs, in that, among other things, they did not act in good faith and did not deal fairly with Plaintiffs, but on the contrary, though Plaintiff has made an election for retirement benefits in accordance with the terms of the retirement plan, Defendants have refused to pay the full amount of the benefits promised.

53. Defendants, (**RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, despite the validity of Plaintiffs' claim under the plain terms of the retirement plans, have nevertheless looked solely to their own self-interest and thereby breached their obligation to Plaintiffs.

54. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has

suffered severe economic damage, including but not limited to denial of the receipt of his lawful benefits under the terms of the retirement plans.

## CAUSE OF ACTION NUMBER FIVE

### (Negligent Misrepresentation)

55. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if set forth fully herein.

56. Defendants, **RAYTHEON COMPANY, RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER**, and DOES 1 through 50, represented to Plaintiffs that they would pay their health insurance premiums from age 55 to 65, along with the premiums for their spouses and dependents. These representations were untrue, in that Defendant now claims that Plaintiff was not, in fact, entitled to such benefits.

57. Defendants, and each of them, knew that the representations were false, and had no reasonable ground for believing them to be true, and nevertheless induced Plaintiffs to rely on the representations of the benefits they would receive under the retirement plans, with the intent that Plaintiffs act in reliance upon these representations.

58. Plaintiffs reasonably relied upon these representations to their detriment, in that, among other things, they made irreversible arrangements for the dissemination of other investment income and benefits.

59. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered severe economic damage, including but not limited to denial of the receipt of their lawful benefits under the terms of the retirement plans.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

A. Enter a declaratory judgment against Defendant under ERISA to provide retiree health care benefits to the Plaintiffs as promised;

B. Enter preliminary and permanent injunctive relief requiring the Defendant to maintain the level of retiree health care benefits, as required by their agreement to do so;

C. Awarding Plaintiffs compensatory damages;

D. Awarding Plaintiffs reimbursement of all money they paid toward health insurance premiums that were supposed to be paid by defendants along with pre- and post-judgment interest;

E. Awarding Plaintiffs punitive damages;

F. Awarding Plaintiffs all other damages available under ERISA;

G. Awarding Plaintiffs their reasonable attorney's fees and costs; and

H. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: 12/30/2010    HUSKINSON, BROWN, HEIDENREICH & CARLIN, LLP

By: Brian C. Carlin, Esq.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JEFF BARTIK, JAMES MATKOVICH, on behalf of themselves and all others similarly situated

**DEFENDANTS**
RAYTHEON COMPANY, a Delaware Corporation, Defendant,
RAYTHEON-HEWITT RETIREMENT CENTER, SPECTRUM RETIREMENT PLAN CENTER, DOES 1 through 50

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HUSKINSON, BROWN, HEIDENREICH & CARLIN, LLP
865 Manhattan Beach Boulevard, Suite 200, Manhattan Beach, CA 90266
TEL: (310) 545-5459

**Attorneys (If Known)**
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ Amount to be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
ERISA violation. 29 U.S.C. §1002 et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | | ☐ 555 Prison Condition | |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 30, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV11- 9 CAS (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY